

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ENTERED
10/11/2013

IN RE: §
GEORGE GILBERT; aka GILBERT § CASE NO: 13-10020
    Debtor(s) §
 § CHAPTER 7

## MEMORANDUM OPINION AND ORDER ON EXTENSION OF TIME TO FILE OBJECTION TO DISCHARGEABILITY

On this day came on for consideration the request for extension of time to file dischargeability complaint filed by Glasscock Street Associates L.P. ("Glasscock"). The court, having heard the evidence and arguments of counsel, and having reviewed the pleadings and briefs on file herein, finds as follows.

### BACKGROUND

George Gilbert (the "Debtor") filed his Chapter 7 Bankruptcy Petition on January 22, 2013. The Debtor listed two unsecured debts to Glasscock in the amounts of $2,028,645.31 and $265,000. The debts resulted from a personal guaranty on a secured commercial loan which was previously foreclosed. At the time the bankruptcy was filed, Glasscock was pursuing collection on the guaranty in State District court in Cameron County.

William Romo was appointed the Chapter 7 Trustee (the "Trustee"). The Section 341 first meeting of creditors was set by the clerk of the court for February 15, 2013. At the request of the Debtor's attorney, due to a scheduling conflict, the Trustee re-set the meeting to March 22, 2013. The last day to oppose discharge or dischargeability was established as April 16, 2013. Glassock's counsel filed a Notice of Appearance on February 16, 2013.

On March 22, 2013, the Section 341 creditors meeting was convened but not held due to a malfunction in the Trustee's tape recording system. The meeting was re-set to April 12, 2013. On that date, the 341 meeting was convened and held. A representative of Glasscock attended the meeting and questioned the Debtor on various issues. Glasscock's attorney was not present. The Trustee re-set the 341 meeting to May 10, 2013, because he requested tax documents and bank statements. At the end of the meeting, Debtor's counsel and the Trustee agreed to an extension of time to file an objection to discharge until May 16, 2013. Thereafter, the Trustee filed his first motion to extend the discharge deadline and the court granted the motion. The new deadline to object to discharge or dischargeability was established as May 16, 2013.

On May 10, 2013, another 341 meeting was held. Glasscock's attorney appeared and questioned the Debtor about his financial condition and about the facts relating to the Glasscock debt. The meeting was again re-set to June 14, 2013, to allow the Trustee time to review tax returns recently filed. The Trustee filed another motion to extend the time to object to discharge, which this court granted, extending the deadline to object to discharge or dischargeability to June 28, 2013.

On June 14, 2013, the Trustee held another 341 meeting. Glasscock's attorney was present and asked the Debtor more questions. He also asked the Debtor to provide the last two years' tax returns, which Debtor's attorney timely provided. On June 27, 2013, the Trustee filed his third motion to extend the discharge and dischargeability deadline (the "Third Motion to Extend"). The Debtor objected to the Third Motion to Extend. The Trustee held a final 341 meeting on July 19, 2013. Glasscock's representative and its attorney were present and asked the Debtor questions regarding his tax return and representations made when the debt was incurred. The 341 meeting was concluded at that time. Also on July 19, 2013, Glasscock filed its

adversary complaint under Section 523(c) of the Bankruptcy Code and a pleading in support of the Trustee's Third Motion to Extend in which Glasscock joined the Third Motion to Extend.

On July 23, 2013, the Trustee filed a No Asset Report. On August 12, 2013, the Trustee filed a notice of withdrawal of his Third Motion to Extend. On August 13, 2013, Glasscock filed an objection to the Trustee's withdrawal notice on the grounds that it had joined in the Third Motion to Extend. The Court held a hearing on August 14, 2013, to determine whether Glasscock should be allowed to proceed in the Adversary Proceeding objecting to the dischargeability of the debt it is owed.

## DISCUSSION

In Chapter 7 cases, a complaint to determine the dischargeability of a debt under Section 523(c) of the Bankruptcy Code must be filed not later than 60 days following the first date set for the meeting of creditors. Rule 4007, F.R.Bankr.Pro. The deadline for filing an objection to dischargability may be extended on the motion of any party in interest for cause as long as the motion to extend is filed before the time has expired. *Id*. A similar provision applies to a complaint objecting to a debtor's discharge under Section 727 of the Bankruptcy Code. Rule 4004 (a) & (b), F.R.Bankr.Pro. The time limitation for objection to discharge and dischargeability are strictly enforced in order to achieve "the overall goal of the bankruptcy process to provide individual debtors a fresh start. *In re Ichinose*, 946 F.2d 1169, 1172 (5th Cir. 1991); *in Re Avalos*, 361 B.R. 129, 131 (Bankr.S.D.Tex. 2007).

In the case at bar, the Trustee filed three motions for extension of time. At each instance, the motion was filed prior to the expiration of the deadline for complaints regarding discharge or dischargeability. The Trustee's motions were titled "Motion to Extend Time to Object to Discharge". The body of the motions prayed that "the deadline to object to Debtor's discharge

and to object to the dischargeability of certain types of debts be extended…." The two orders entered by this court also state that "It is therefore, ORDERED, ADJUDGED and DECREED that the time to Object to Discharge and to object to the dischargeability of certain types of debts is extended to…." Debtor incorrectly argues in his brief that only the deadline for objection to discharge under Section 727 was extended. Moreover, the motions and orders do not contain language limiting the extension of the deadline solely to the Trustee. The Court finds that Glasscock was justified in relying on the Trustee's Motions to Extend.

     This case differs from *Ichinose* in that the orders there were found to run solely to the benefit of the moving parties. *Id* at 1174. The Fifth Circuit instructs that courts must first look to the language used in the orders. In Ichinose the earlier three orders are more broadly worded, but the later orders "speak specifically to the party on whose motion the order was entered, stating that deadline was extended "on behalf of [a specific creditor]". *Id* at 1175. Conversely, in the case at bar the orders do not limit the extension only to the Trustee and they specifically extend the deadline for both objections to discharge and dischargeability.

     *In re Avalos, supra*, can also be distinguished from the facts before the court presently. In *Avalos*, the motion was filed by the United States Trustee and was specifically directed only to the extension of time to file a complaint objecting to discharge under Section 727 of the Bankruptcy Code. The order granting the motion in *Avalos* also spoke specifically to acts by the United States Trustee in seeking dismissal or filing an objection to discharge. No mention was made regarding objections to dischargeability in the *Avalos* motion or order. "The UST's motion specifically requested an extension of time for the UST only." *Avalos supra*. at n.2. Accordingly, in *Avalos*, the court correctly found that the order extending the time to object to discharge applied only to the UST.

While Glasscock had several opportunities to question the Debtor at his many 341 creditors meetings, the Debtor necessitated many of those meetings by failing to produce certain documents requested by the Trustee. Perhaps Glasscock had sufficient information to file their complaint sooner, but that does not negate Glasscock's legitimate reliance on the extension orders. Moreover, when the Trustee attempted to withdraw his third motion for extension of time, Glasscock not only objected to the withdrawal but filed a pleading joining in the Trustee's third motion to extend the time.

The Court finds that under these discrete set of facts, Glasscock was justified in its reliance on the first two orders extending time for objection to dischargeability. Moreover, because Glasscock joined the third motion and objected to the Trustee's withdrawal of the third motion to extend, the Court finds that the third motion to extend should be granted as to Glasscock. Therefore Glasscock's Complaint for Determination of Dischargeability Pursuant to Section 523 of the Bankruptcy Code filed on July 19, 2013, was filed within the deadline.

It is so ORDERED.

SIGNED 10/11/2013.

_____
Richard S. Schmidt
United States Bankruptcy Judge